**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CAPTAIN MELVIN GRESHAM,        :
                                 :
          Plaintiff,          :
                                 :
     v.                   :  Civil Action No. 09-0029 (JR)
                                 :
DISTRICT OF COLUMBIA,        :
                                 :
          Defendant.         :

**MEMORANDUM**

The controlling precedent that defeats plaintiff's invocation of this Court's diversity jurisdiction is <u>Long v. District of Columbia</u>, 820 F.2d 409, 414 (D.C. Cir. 1987). The Circuit could not have been clearer in its holding: "[T]he District, like the fifty states, is not subject to diversity jurisdiction." What if the District is considered a municipality and not a state? "Irrespective of any labels, the District is not subject to the diversity jurisdiction of the federal courts."

Counsel's argument about 28 U.S.C. § 1332(d) [#31] is unimpressive -- the code section to which he refers is now s 1332(e). That section was added to the statute before <u>Long</u> was decided, and the Circuit considered it, concluding, again with crystal clarity, that "[i]n labeling the District a 'State' in subsection (d), Congress did not intend to decide the question whether the District itself is subject to diversity jurisdiction."

The District's response to order of the court [#29], treated as a motion to dismiss for want of subject matter jurisdiction [see #30], will be granted.  Plaintiff's remedy, if he has one, must be pursued in the courts of the District of Columbia.


                              JAMES ROBERTSON
                         United States District Judge